IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BILLY D. MCCOY**                                                                                       **PLAINTIFF**

V.                                   NO. 4:20CV00749 BRW-JTK

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Billy D. McCoy ("McCoy"), applied for disability benefits on February 13, 2018, alleging a disability onset date of January 17, 2018. (Tr. at 13). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 24). The Appeals Council denied his request for review (Tr. at 1). Therefore, the ALJ's decision now stands as the final decision of the Commissioner. McCoy has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

**II. The Commissioner's Decision:**

The ALJ found that McCoy had not engaged in substantial gainful activity since the alleged onset date of January 17, 2018. (Tr. at 15). At Step Two, the ALJ found that McCoy had the following severe impairments: early arthritis of the hips and knees, disorder of the back, and

obesity. *Id.*

After finding that McCoy's impairments did not meet or equal a listed impairment (Tr. at 17), the ALJ determined that McCoy had the residual functional capacity ("RFC") to perform the full range of sedentary work. *Id.*

The ALJ determined that McCoy is capable of performing past relevant work as a data assistant. (Tr. at 24). Therefore, the ALJ found that McCoy was not disabled. *Id.*

### III. Discussion:

    A.    Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *McCoy v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.    McCoy's Arguments on Appeal

McCoy argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that: (1) the ALJ failed to fairly and fully develop the record; (2) the ALJ did not properly analyze McCoy's subjective complaints; (3) the ALJ erred in his determination of the RFC; and (4) the ALJ's reliance upon the Vocational Expert's ("VE") testimony was

misplaced. The Court finds that the ALJ failed to fully develop the record.

McCoy suffered from some physical impairments, but his mental impairments form the basis for remand, so the Court will limit its discussion thereto.[1] McCoy treated anxiety and depression with prescribed psychiatric medication and psychotherapy (he began regular treatment in October 2018). (Tr. at 595-652). While McCoy said that an increased dose of Prozac was moderately effective, he scored a 24 on the PHQ-9 Depression Screening in October 2018, indicating "severe depression." (Tr. at 633). His psychiatrist routinely noted that he had a tired and blunted affect. (Tr. at 608-620) In April 2019, McCoy reported that he had little interest in doing things, he was feeling bad about himself, and he felt depressed and hopeless. (Tr. at 604). He also endorsed chronic irritability and crowd aversion. (Tr. at 618). He said he never left the house, and merely watched TV all day. (Tr. at 608, 627).

The Commissioner argues that because McCoy had some normal mental status examinations during the course of the relevant time-period, and he stated that he could perform some daily activities (Tr. at 17-24, 222), the ALJ's Step Two finding that mental impairments were non-severe was appropriate. The state agency non-examining psychologists found that McCoy's mental impairments were non-severe, which formed the basis of the ALJ's decision at Step Two. However, these opinions issued months before McCoy began mental health treatment, and well before he scored in the severe range on the Depression Screening. (Tr. at 68-84). The ALJ cut short McCoy's testimony about mental impairments at the hearing, and he seemed to make a quick decision based on an incomplete record. (Tr. at 58). The ALJ did not order any further mental

---

[1] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020)("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

examinations or obtain any opinions from treating sources.

The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). In a District of Minnesota case with similar facts, the court remanded because the ALJ had not ordered a consultative examination or obtained an examining expert's opinion about mental impairments. *Jacobson v. Astrue*, 2013 U.S. Dist. LEXIS 123530 (D. Minn., Aug. 6, 2013). The claimant in that case, like McCoy, could perform some daily activities and had some fairly normal mental status examinations. *Id*. at *15-24. Jacobson also scored a 21 and a 25 on the PHQ-9 Depression Screening and treated with therapy and medication, like McCoy. *Id*. In *Jacobson*, there were mental RFC opinions, and the ALJ found that mental impairments were severe. *Id*. But the *Jacobson* court still found that the ALJ should have obtained further opinions because there were mental health records from after the RFC opinions issued, which showed moderate to severe mental impairments. The court held that the record was not fully developed by the ALJ. In this case, all of the mental health treatment occurred after the state agency mental experts issued their opinions, so the ALJ had no up-to-date opinions upon which to rely. And the treatment records showed serious mental impairments, but the ALJ found mental impairments to be non-severe at Step Two. The ALJ should have ordered further testing, or obtained a treating physician's opinion about McCoy's RFC with respect to mental impairments. For this reason, reversal is warranted.

## IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to fully develop the record.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 5th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE